**WO**                                                                                           KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Cory Deon Miles, | ) | No. CIV 05-2717-PHX-MHM (MEA) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Warden Bartos, et al., | ) | |
| Respondents. | ) | |

On September 6, 2005, Petitioner Cory Deon Miles, presently confined in the Arizona State Prison Complex-Lewis, filed a Petitioner for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner paid the five dollar ($5.00) filing fee on September 21, 2005.

**Petition**

Warden Bartos is named as a Respondent to the Petition and the Arizona Attorney General is named as an additional Respondent. Petitioner challenges his September 30, 2002 judgment of conviction in Maricopa County Superior Court, case numbers CR 02-0926 and CR 02-6720, for theft of a means of transportation.

Petitioner alleges four grounds for relief in of support the Petition:

I. "The conviction was obtained in violation of my Six Amendment to the Constitution/right to a fair trial or jury selection" (Petition at 5);

**TERMPSREF**

II. "The conviction was obtained by a violation of the privilege against self incrimination. This violated my Fifth Amendment protection." (Petitioner at 6);

III. "My sentencing was illegal under precedent established in U.S. v. Blakely and U.S. v. Apprendi" (Petition at 7);

IV. "I was denied effective assistance of counsel at trial and on appeal" (Petition at 8).

It is unclear from the face of the Petition whether Petitioner has properly exhausted each of his claims, which requires presentation to the Arizona Court of Appeals. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999) (when challenge is not to a life sentence or capital sentence, exhaustion requires only fair presentation to the Arizona Court of Appeals), cert. denied, 529 U.S. 1124 (2000). It also appears that further review of Petitioner's claims is not available in the state courts because the deadline for filing an appeal has passed. Consequently, any unexhausted claim may be procedurally barred. In light of the possibility of procedural bar, a summary dismissal would be inappropriate. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear whether claims were procedurally barred). An answer is therefore required. 28 U.S.C. § 2254(a).

**IT IS THEREFORE ORDERED** as follows:

(1) A copy of the Petition For Writ Of Habeas Corpus By A Person In State Custody Pursuant to 28 U.S.C. § 2254 (Doc. #1) ("Petition") and this Order shall be SERVED by the Clerk of the Court upon the Respondents by certified mail;

(2) Respondents shall answer the Petition within forty (40) days of the date of service. Respondents shall not file a dispositive motion in place of an answer, but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may constitute a waiver of the defense. See Nardi v. Stewart, 354 F.3d 1134, 1140-41 (9th Cir. 2004); see also Morrison

1    v. Mahoney, 399 F.3d 1042, 1045-47 (9th Cir. 2005).  If not limited to affirmative defenses,
2    the answer shall fully comply with all of the requirements of Rule 5 of the Rules Governing
3    Section 2254 Cases;

4         (3) Petitioner may file a reply within thirty (30) days from the date of service of the
5    answer;

6         (4) A clear, legible copy of every pleading or other document filed SHALL
7    ACCOMPANY each original pleading or other document filed with the Clerk for use by the
8    District Judge or Magistrate Judge to whom the case is assigned.  See Local Rule of Civil
9    Procedure 5.4.  **Failure to submit a copy along with the original pleading or document**
10   **will result in the pleading or document being stricken without further notice to**
11   **Petitioner**;

12        (5) Petitioner SHALL SERVE upon Respondents, or if appearance has been entered
13   by counsel, upon the attorney, a copy of every further pleading or other document submitted
14   for consideration by the Court.  Petitioner shall include with the original document and copy,
15   to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy
16   of the pleading or document was mailed to Respondents or the counsel.  Any paper received
17   by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of the
18   Court may be disregarded by the Court;

19        (6) At all times during the pendency of this action, Petitioner SHALL
20   IMMEDIATELY ADVISE the Court and the United States Marshal of any change of address
21   and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF
22   ADDRESS."  The notice shall contain only information pertaining to the change of address
23   and its effective date, except that if Petitioner has been released from custody, the notice
24   should so indicate.  The notice shall not include any motions for any other relief.  Petitioner
25   shall serve a copy of the notice on all opposing parties.  Failure to file a NOTICE OF
26   CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute
27   pursuant to Federal Rule of Civil Procedure 41(b);

28

TERMPSREF

(7) This matter is referred to Magistrate Judge Mark E. Aspey for further proceedings and a report and recommendation.

DATED this 8th day of November, 2005.

_____
Mary H. Murguia
United States District Judge

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | )  | |
|---|---|---|
| _____, | ) | |
| Petitioner, | ) | CASE NO. _____ |
| | ) | |
| vs. | ) | |
| | ) | APPLICATION TO PROCEED |
| _____, | ) | *IN FORMA PAUPERIS* |
| Respondent(s). | ) | BY A PRISONER |
| | ) | (HABEAS) |

   I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

   In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently employed at the institution where you are confined?     ❏Yes     ❏No
   If "Yes," state the amount of your pay and where you work. _____
   _____
   _____

2. Do you receive any other payments from the institution where you are confined?     ❏Yes     ❏No
   If "Yes," state the source and amount of the payments. _____
   _____
   _____

98-ifphab
Revised 6/98

1

3. Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined?                                                              GYes        GNo
   If "Yes," state the sources and amounts of the income, savings, or assets. _____
   _____
   _____

   I declare under penalty of perjury that the above information is true and correct.

   _____                              _____
           DATE                                              SIGNATURE OF APPLICANT

   ────────────────────────────────────────────────────────────

                    CERTIFICATE OF CORRECTIONAL OFFICIAL
                 AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

   I, _____, certify that as of the date applicant signed this application:
          (Printed name of official)

   The applicant's trust account balance at this institution is:  $_____.

   _____
   DATE            AUTHORIZED SIGNATURE        TITLE/ID NUMBER            INSTITUTION

                                        2