1
2
3
4
5
6        IN THE UNITED STATES DISTRICT COURT
7            FOR THE DISTRICT OF ARIZONA

8
CORY DEON MILES,                    )
9                                   )
         Petitioner,                )
10                                  )
         v.                         )   CV 05-2717 PHX MHM (MEA)
11                                  )
WARDEN BARTOS and                   )
12 ARIZONA ATTORNEY GENERAL,        )   REPORT AND RECOMMENDATION
                                    )
13       Respondents.               )
_____)
14

15 TO THE HONORABLE MARY H. MURGUIA:

16        On September 6, 2005, Petitioner filed a pro se
17 petition seeking a writ of habeas corpus pursuant to 42 U.S.C.
18 § 2254.  On December 12, 2005, Petitioner filed a motion [Docket
19 No. 8] seeking voluntary dismissal of his petition without
20 prejudice in order to return to state court to exhaust some of
21 his federal habeas claims.

22        Respondents filed an Answer to Petition for Writ of
23 Habeas Corpus and Objection to Motion to Voluntarily Dismiss
24 Petition ("Answer") on December 19, 2005.   Docket No. 8.
25 Respondents assert that the action for habeas relief was not
26 timely filed and that Petitioner's federal habeas claims were
27 not properly exhausted in the Arizona state courts and are
28 procedurally defaulted and, therefore, that the petition must be

denied and dismissed with prejudice.  Additionally, Respondents contend that Petitioner's claims for relief may be denied on the merits.  Respondents also assert that Petitioner's motion for voluntary dismissal must be denied.

### I Procedural History

On September 30, 2002, Petitioner was found guilty by a jury of theft of a means of transportation.  See Petition at 1.  On October 3, 2002, Petitioner was sentenced to a term of 11.25 years imprisonment for this crime.  Answer, Exh. D.

Petitioner took a direct appeal of his conviction and sentence, asserting a Batson violation occurred in the selection of the jury.  Id., Exh. D.  The Arizona Court of Appeals denied this claim for relief and affirmed Petitioner's conviction and sentence in an order filed September 11, 2003.  Id., Exh. D.[1]

Petitioner filed a notice of post-conviction relief on or about November 12, 2003, and was appointed counsel.  Id., Exh. E.[2]  On April 21, 2004, counsel was given leave to withdraw from his representation because counsel averred to the court that he could not find a legitimate issue to raise on Petitioner's behalf.  Id., Exh. F.

---

[1] Respondents and Petitioner assert Petitioner sought review of this decision by the Arizona Supreme Court, which allegedly denied review in an order entered February 11, 2004.  Petition at 2; Answer at 2.  However, neither party has supplied this Court with a copy of the Arizona Supreme Court's order regarding Petitioner's direct appeal and the docket available from the Maricopa County Superior Court website does not indicate that the Arizona Supreme Court issued an order regarding Petitioner's conviction and sentence on or about February 11, 2004.

[2] Petitioner asserts he filed his first action for post-conviction relief on April 21, 2004.  Petition at 2.

1          Petitioner was given several extensions of the time to
2     file a *pro per* petition for post-conviction relief.   Id., Exhs.
3     F, G, I.   Petitioner filed a *pro per* petition for post-
4     conviction relief on December 14, 2004, which was denied on
5     January 28, 2005.   Id., Exh. I.   The Arizona court stated:

> The court has reviewed a Notice of Post
> Conviction Relief filed by defendant, Cory
> Dean Miles.
> Mr. Miles alleges that he is entitled to post
> conviction relief because: 1) his sentence
> was improperly enhanced by a 2001 conviction
> for Possession of Narcotic Drugs; 2) that
> statements made by defendant to the police
> and elicited at trial were involuntary, and
> thus inadmissible; and 3) he was denied his
> right to a speedy trial.
> Following his sentence on September 30, 2002,
> defendant filed a timely appeal.
> The only issue raised on appeal was whether
> a single juror should have been kept on the
> jury due to the court's denial of a Batson
> challenge.   The Court of Appeals affirmed
> defendant's conviction.
> On November 11, 2003, defendant filed his
> most recent petition for Post Conviction
> Relief (PCR).   He was appointed counsel.
> After the court granted two extensions of
> time, on April 21, 2004, defendant's counsel,
> Tom Gorman, filed a Notice of Completion of
> Post Conviction Relief of Counsel.   Mr.
> Gorman asserted that he could find no
> colorable claim entitling defendant to post
> conviction relief.
> By order dated April 21, 2004, defendant was
> given until June 6, 2004, to file a pro per
> petition.
> On June 2, 2004, defendant was given another
> extension to file his pro per petition.   He
> was granted until August 2, 2004.   On August
> 6, 2004, defendant was granted yet another
> extension until September 6, 2004.[3]

_____

[3] The state court had previously issued an order dismissing
the action for Petitioner's failure to timely file an actual petition
for relief.   Answer, Exh. H.   In an order issued August 23, 2004,
apparently in contravention of an order allowing Petitioner until
September 6, 2004, to file a petition, the Arizona state court stated:

-3-

> No pro per petition was filed until December 14, 2004. Defendant's pro per petition is untimely. Furthermore, the issues now raised, could have been raised on the direct appeal previously considered by the Arizona Court of Appeals or on post trial motion. Pursuant to Rule 32.2(a), Arizona Rules of Criminal Procedure.
> IT IS ORDERED summarily dismissing defendant's Petition for Post Conviction Relief in accordance with the written formal order signed by the court on January 18, 2005, and filed with the clerk on this date.

Id., Exh. I. Petitioner did not seek review of this decision by the Arizona Court of Appeals.

On September 6, 2005, Petitioner filed a petition seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254. Petitioner asserts that he is entitled to federal habeas relief because his Sixth Amendment right to a fair jury was violated; because his Fifth Amendment right to be free of self-incrimination was violated; because his sentence violates the United States Supreme Court's holdings in Blakely and Apprendi because he was sentenced pursuant to a repeat offender statute; and because his appellate counsel was ineffective for failing to raise his Fifth Amendment and Blakely claims in Petitioner's direct appeal.

---

"The court ordered that the Petition for Post-Conviction Relief be filed by August 2, 2004. This deadline has passed and the defendant has not filed any petition. No good cause appearing, IT IS ORDERED dismissing the Rule 32 proceeding." Id., Exh. H. It appears that the Arizona court either further extended the September 6, 2004, deadline or, nonetheless, considered Petitioner's untimely petition filed December 14, 2004, to the extent that it noted the petition was not timely filed and the claims were precluded.

-4-

**II Analysis**

**A. Relevant statute of limitations**

The Petition for Writ of Habeas Corpus is not barred by the applicable statute of limitations, 28 U.S.C. § 2244(d), the statute of limitations provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

The AEDPA requires state prisoners to file any petition for federal habeas corpus relief within one year of the date that their state court conviction becomes "final."   See 28 U.S.C. § 2244(d)(1)(A) (1994 & Supp. 2005) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").   The federal habeas petition "must be filed within one year of the latest of the date on which ... the judgment became final after the conclusion of direct review or the time passed for seeking direct review ..." Id.  The running of this one-year statute of limitations is tolled during any period when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in any state court. See id. § 2244(d)(2); see also Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1286-87 (9th Cir. 1997), overruled on other grounds by Calderon v. Kelly, 163 F.3d 530 (9th Cir. 1998) (en banc).

Therefore, the one-year statute of limitations on Petitioner's action for federal habeas relief began to run on December 9, 2003, when the time expired for seeking certiorari

from the United States Supreme Court at the conclusion of state court proceedings on Petitioner's direct appeal.  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999);[4] Balsewicz v. Kingston, 425 F.3d 1029, 1032 (7th Cir. 2005); Rhine v. Boone, 182 F.3d 1153, 1155-56 (10th Cir. 1999).

Prior to December 3, 2003, when Petitioner's conviction became final, on November 23, 2003, Petitioner initiated a properly-filed action for post-conviction relief which tolled the statute of limitations regarding Petitioner's federal habeas action.  The statute of limitations was tolled until January 28, 2005, when the Arizona Superior Court dismissed the action, citing Petitioner's failure to timely file an actual petition delineating his claims for relief and concluding that the claims finally stated were precluded by Petitioner's failure to raise the issues in his direct appeal.

---

[4] Several United States Circuit Courts of Appeal, and one published opinion issued by the United States District Court for the District of Arizona, have concluded that the relevant statute of limitations begins to run on a federal habeas action when a petitioner stands convicted by a state court and the time for seeking certiorari by the United States Supreme Court expires, regardless of whether or not the petitioner actually sought certiorari.  See Biggs v. Duncan, 339 F.3d 1045, 1047 (9th Cir. 2003); White v. Klitzkie, 281 F.3d 920, 924 (9th Cir. 2002); David v. Hall, 318 F.3d 343, 345 (1st Cir. 2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2002); Smith v. Bowersox, 159 F.3d 345, 347-48 (8th Cir. 1998); Wilson v. Greene, 155 F.3d 396, 400 (4th Cir. 1998); Ross v. Artuz, 150 F.3d 97, 98 (2nd Cir. 1998); Souch v. Harkins, 21 F. Supp. 2d 1083, 1084-85 (D. Ariz. 1998); Smith v. Lord, 230 F. Supp. 2d 288, 291 (E.D.N.Y. 2002); Moore v. Hawley, 7 F. Supp. 2d 901, 903 (E.D. Mich. 1998).  See also Lambrix v. Singletary, 520 U.S. 518, 527, 117 S. Ct. 1517, 1525 (1997) (noting that the defendant's conviction became final when his time for filing a petition for a writ of certiorari expired).

Petitioner had thirty days to seek review of this decision by the Arizona Court of Appeals and, therefore, the statute of limitations on his federal habeas action was further statutorily tolled until February 27, 2005. See Gibson v. Klinger, 232 F.3d 799, 803-04 (10th Cir. 2000) ("Thus, we hold today that, regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law."); Swartz v. Meyers, 204 F.3d 417, 420-24 (3d Cir. 2000) (holding that, because a judgment is not final until the time for seeking review expires, the word "pending" includes that time period, whether or not such review is sought, and collecting cases so holding). See also Johnson v. McCaughtry, 265 F.3d 559, 563 n.3 (7th Cir. 2001) (declining to decide issue but collecting cases so holding).

The statute of limitations then began to run against Petitioner from February 27, 2005, and expired on February 26, 2006, unless the statute of limitations was tolled by any other properly-filed action for state post-conviction relief. Petitioner filed his federal habeas action on September 6, 2005, and, therefore, his petition is timely filed.

**B. Exhaustion**

A state prisoner must "exhaust," in state court, the claims raised in his petition for federal habeas relief, before this Court may consider the merits of the prisoner's application for relief. See Coleman v. Thompson, 501 U.S. 722, 729-30, 111

-7-

S. Ct. 2546, 2554-55 (1991); <u>Castille v. Peoples</u>, 489 U.S. 346, 349, 109 S. Ct. 1056, 1059 (1989).   To properly exhaust his claims in the state courts, the petitioner must afford the state the opportunity to rule upon the merits of each federal constitutional claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. <u>Castille</u>, 489 U.S. at 351, 109 S. Ct. at 1060; <u>Kim v. Villalobos</u>, 799 F.2d 1317, 1319 (9th Cir. 1986).   In 1999, the Ninth Circuit Court of Appeals concluded that, in Arizona, in the context of a petitioner who is not sentenced to death or life in prison, the "highest court" requirement is satisfied if the petitioner has presented his claims to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief. See <u>Swoopes v. Sublett</u>, 196 F.3d 1008, 1010 (9th Cir. 1999). See also <u>Castillo v. McFadden</u>, 399 F.3d 993, 998 n.3 (9th Cir.), <u>cert.</u> <u>denied</u>, 126 S. Ct. 348 (2005).[5]

**C. Procedural default**

Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file an action for federal habeas relief, it is also satisfied if the

_____

[5] Because it is not necessary to the Court's resolution of Petitioner's claims for relief, the Court declines to reach the issue of whether <u>Swoopes</u> was effectively overruled by <u>Baldwin v. Reese</u>.  In <u>Crook v. Arizona</u>, 2005 WL 3455110, *3 n.2 (D. Ariz.), J. Teilborg concluded:

> Respondents argue that <u>Baldwin v. Reese</u>, 541 U.S. 27, 124 S.Ct. 1347, [] (2004), overruled <u>Swoopes</u>. However, in <u>Castillo v. Mcfadden</u>, 399 F.3d 993, 998 (9th Cir. 2005), the Ninth Circuit court directly quotes the applicable passage in <u>Swoopes</u>, and mentions <u>Baldwin</u> in a different capacity. It is unclear whether <u>Baldwin</u> overrules <u>Swoopes</u>, and this Court declines to issue an opinion on the matter.

-8-

habeas petitioner is procedurally barred from pursuing their claim in the state courts. <u>See</u> 28 U.S.C. § 2254(c) (1994 & Supp. 2005); <u>Castille</u>, 489 U.S. at 351, 109 S. Ct. at 1060; <u>Gray</u>, 518 U.S. at 161-62, 116 S. Ct. at 2080. A federal habeas petitioner has not exhausted his claims if he has the right to raise the claim, "by any available procedure," in the state courts. 28 U.S.C. § 2254(c) (1994 & Supp. 2005). Therefore, if it is clear that the habeas petitioner's claims are now procedurally barred under state law, the claim is exhausted by virtue of the petitioner's procedural default of the claim.

Procedural default occurs when a petitioner has never properly presented a claim in state court and is now barred from doing so by state court procedural rules. <u>See</u> <u>Castille</u>, 489 U.S. at 351-52; <u>Tacho v. Martinez</u>, 862 F.2d 1376, 1378 (9th Cir. 1988). Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule. <u>See</u>, <u>e.g.</u>, <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594-95 (1991); <u>Coleman</u>, 501 U.S. at 727-28, 111 S. Ct. at 2553-57; <u>Szabo v. Walls</u>, 313 F.3d 392, 395 (7th Cir. 2002) ("A state is entitled to treat as forfeited a proposition that was not presented in the right court, in the right way, and at the right time--as state rules define those courts, ways, and times. Failure to comply with the state's procedural rules furnishes an independent and adequate state ground of decision that blocks federal collateral review."). "If a prisoner has defaulted a

-9-

state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review ... he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'" <u>Wells v. Armenakis</u>, 222 F.3d 627, 632 (9th Cir. 2000), <u>quoting</u> <u>Wells v. Maass</u>, 28 F.3d 1005, 1008 (9th Cir. 1994).

Because Arizona's rules of criminal procedure governing preclusion bar Petitioner from now returning to state court to exhaust any of the unexhausted claims stated in his federal habeas petition, Petitioner has exhausted, but procedurally defaulted these claims. <u>See</u> <u>Beaty v. Stewart</u>, 303 F.3d 975, 987 (9th Cir. 2003). Because the procedural bar that satisfies the exhaustion requirement in this matter, i.e., Rule 32.2, Arizona Rules of Criminal Procedure, governing preclusion, also provides an independent and adequate state-law basis for upholding Petitioner's convictions and sentences, the Court need not review the merits of Petitioner's procedurally defaulted claims unless he can demonstrate cause for his failure to follow reasonable state procedures for fair presentment of his claims and prejudice arising from his procedural default of the claims. <u>See</u> <u>Gray</u>, 518 U.S. at 161-62, 116 S. Ct. at 2080; <u>Murray</u>, 477 U.S. at 485, 106 S. Ct. at 2643. <u>See</u> <u>also</u> <u>Stewart v. Smith</u>, 536 U.S. 856, 860-61, 122 S. Ct. 2578, 2581-82 (2002) (concluding that a state court's finding that a post-conviction claim was barred as waived, pursuant to Rule 32.2(a)(3), was a decision independent of federal law and adequate to bar federal review of

1   state prisoner's federal habeas claim on the merits).[6]

2       "Cause" is a legitimate excuse for the default, and

3   "prejudice" is actual harm resulting from the alleged

4   constitutional violation.  See Thomas v. Lewis, 945 F.2d 1119,

5   1123 (9th Cir. 1991).  To demonstrate cause, a petitioner must

6   show the existence of some objective factor external to the

7   defense which impeded his efforts to comply with the state's

8   procedural rules.  See Martinez-Villareal v. Lewis, 80 F.3d

9   1301, 1305 (9th Cir. 1996).  The Supreme Court has explained

10  that "a showing that the factual or legal basis for a claim was

11  not reasonably available..., or that some interference by

12  officials made compliance impracticable would constitute cause

13  under this standard."  Murray, 477 U.S. at 488, 106 S. Ct. at

14  2645.

15          **D.  Petitioner's claims for relief**

16          **1. Petitioner's claim that his right to an unbiased**

17  **jury was violated.**

18          The only properly exhausted claim for relief stated in

19  the federal habeas petition is the assertion of an error in jury

20  selection. Petitioner asserts that the prosecution improperly

21  struck a juror because she was a housewife, contending that this

22  gender-based act violated the Batson doctrine.  Petitioner

23

24          [6] Review is also appropriate if the petitioner demonstrates
    that habeas review is necessary to prevent a fundamental miscarriage
25  of justice.  See Murray, 477 U.S. at 485-86, 106 S. Ct. at 2649.  A
    fundamental miscarriage of justice occurs only when a constitutional
26  violation has probably resulted in the conviction of one who is
    actually innocent.  See id.  Petitioner does not assert that he is
27  actually innocent of the crime for which he was convicted.

28                                  -11-

exhausted this claim by raising it in his direct appeal.  The
Arizona Court of Appeals considered Petitioner's claim that the
prosecution had used one of its peremptory juror strikes in
violation of Petitioner's equal protection rights.  Answer, Exh.
D.[7]       The Court of Appeals stated:

> The trial court determined that the state's
> reasons for striking Mrs. Hernandez were
> race-neutral and denied appellant's *Batson*
> challenge.
> On appeal, appellant has abandoned his
> assertion that the questioned strike was
> based on ethnicity.  Instead he argues for
> the first time that the state discriminated
> against Mrs. Hernandez on the basis of
> gender.  Appellant asserts that the reason
> given for striking Mrs. Hernandez – that she
> was a housewife – was blatant gender
> discrimination in violation of *Batson*.
> Moreover, appellant maintains that he has
> preserved a gender-based *Batson* objection for
> appellate review because he responded to the
> state's race-neutral reasons for striking
> Mrs. Hernandez in part by stating, "I don't
> think that the State should be allowed to
> take [] every housewife off of the panel."
> We disagree that appellant made a gender-
> based objection below.  Moreover, with regard
> to the objection he now makes, its premise is
> flawed.  Appellant confuses Mrs. Hernandez'
> occupation with her gender.  While all
> housewives are women, not all women are
> housewives.  Literally millions of women in
> this country have a different status.  Only
> if all women were housewives could it be said
> that a strike based on the status of
> "housewife" was necessarily based on gender.
> We conclude that not only did appellant waive
> a gender-based discrimination claim by not
> raising it below, [], the state's strike did
> not even qualify as gender discrimination.

Answer, Exh. D.

_____

[7] During the selection of the jury, the prosecution struck
a juror with a Hispanic surname.  Answer, Exh. D at 4. Petitioner is
African American.

-12-

The Court may not grant a writ of habeas corpus to a state prisoner on a claim that was adjudicated on the merits in state court proceedings unless the state court reached a decision contrary to clearly established federal law, or one involving an unreasonable application of clearly established federal law, or unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.   See 28 U.S.C. § 2254(d) (1994 & Supp. 2005).

> A state court's decision is "contrary to" our clearly established law if it applies a rule that contradicts the governing law set forth in our cases or if it confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

Mitchell v. Esparza, 540 U.S. 12, 14, 124 S. Ct. 7, 10 (2003) (internal citations and quotations omitted).

The Arizona Court of Appeals' conclusion that Petitioner's right to a fair jury was not violated by the prosecution's use of a peremptory strike based on the juror's occupation was not clearly contrary to established federal law and, therefore, Petitioner is not entitled to federal habeas relief on this claim.  See Rice v. Collins, ___ S. Ct. ___, 2006 WL 119293 (Jan. 18, 2006) (reversing a decision of the Ninth Circuit Court of Appeals and concluding that the state court's resolution of a Batson challenge was not an unreasonable determination of the facts in light of the evidence presented in state court); J.E.B. v. Alabama, 511 U.S. 127, 142 n.14, 114 S.

Ct. 1419, 1428 n.14 (1994) (finding that peremptory challenges made on the basis of a characteristic other than race or gender (such as occupation) do not implicate the Equal Protection clause); <u>Jordan v. LeFevre</u>, 206 F.3d 196, 200 (2d Cir. 2000) (concluding that the juror's "type of employment" is an acceptable race-neutral basis for a peremptory challenge).

**2. Petitioner asserts that he is entitled to federal habeas relief because an involuntary statement was used against him at trial in violation of his rights pursuant to the Fifth Amendment.**

Petitioner arguably raised his Fifth Amendment claim in the Arizona Superior Court in his properly filed action for post-conviction relief, which was ultimately denied for his failure to timely file a petition supporting his claims for relief and because his claims were found to be precluded. However, Petitioner never presented this claim to the Arizona Court of Appeals in a properly filed action for post-conviction relief and the Arizona Superior Court concluded that Petitioner had procedurally defaulted his claim regarding the use of Petitioner's own statements against him at trial. Because the Arizona Superior Court found these claims procedurally precluded and because Petitioner did not seek review of this decision and the time for doing so has passed, Petitioner has procedurally defaulted these claims. Absent a showing of cause and prejudice, the merits of this claim may not provide a basis for habeas relief.

-14-

**3. Petitioner contends that he was improperly sentenced because his sentence was based, in part, on prior convictions.**

Petitioner arguably raised his sentencing claim, i.e., his Blakely and Apprendi claim, in the Arizona Superior Court in his action for post-conviction relief. However, Petitioner never presented this claim to the Arizona Court of Appeals in a properly filed action for post-conviction relief and the claim has been deemed precluded.

The Arizona Superior Court concluded that Petitioner had procedurally defaulted his claim that his sentence was improper because he was sentenced pursuant to a repeat offender statute. Because the Arizona Superior Court found this claim procedurally precluded, Petitioner has procedurally defaulted this claim. Because Petitioner has not shown cause for, nor prejudice arising from his default of this claim, the claim may not provide a basis for granting habeas relief.

**4. Petitioner asserts that he was deprived of his right to the effective assistance of appellate counsel.**

Petitioner also contends that he is entitled to federal habeas relief because his appellate counsel was ineffective for failing to raise Fifth Amendment, speedy trial, and Blakely claims in Petitioner's direct appeal. Petitioner never raised an ineffective assistance of counsel claim in the Arizona courts; the claim was not included in Petitioner's *pro per* petition for post-conviction relief. An ineffective assistance of counsel claim would be properly raised in an action for post-conviction relief, however Petitioner failed to raise this claim in his actual petition for post-conviction relief and,

-15-

therefore, this claim is procedurally precluded by Rule 32.2, Arizona Rules of Criminal Procedure.   Because Petitioner has procedurally defaulted this claim in the state courts and Petitioner has not shown cause for, nor prejudice arising from, his procedural default of his ineffective assistance of appellate counsel claim in the state courts, federal habeas relief may not be granted on this basis.

**E.   Petitioner's motion to stay his habeas petition so that he may return to state court to exhaust his unexhausted claims.**

Petitioner asserts that the procedural default of his "unexhausted claim," should be excused because his failure to timely file a brief in support of his petition for post-conviction relief was not his fault.   See Docket No. 7. However, Petitioner's action for post-conviction relief was not dismissed solely on the grounds that the actual petition, rather than the action, was not timely filed but instead was also premised on the Superior Court's conclusion that the claims raised were precluded by Petitioner's failure to present them in his direct appeal.   To the extent that Petitioner might be arguing that his appellate counsel's ineffectiveness constituted "cause" for the procedural default of the claims raised in his state action for post-conviction relief, an ineffective assistance of counsel must be separately exhausted in state court before it can serve as "cause" for the procedural default of another claim.   See Cockett v. Ray, 333 F.3d 938, 943 (9th Cir. 2003).   Pursuant to the decision in Edwards v. Carpenter, 529 U.S. 446, 120 S. Ct. 1587 (2000), a procedurally-defaulted

-16-

ineffective assistance of counsel claim can serve as cause for the procedural default of another claim only if the petitioner can show cause and prejudice with respect to ineffective assistance claim, a showing Petitioner has not made.  See 529 U.S. at 450-51, 120 S. Ct. at 1590-91.

### III Conclusion

Petitioner's petition for federal habeas relief was timely filed.  Petitioner's Batson claim was exhausted in the Arizona state courts because Petitioner raised this claim in his direct appeal.  The Arizona state courts' decision regarding this claim was not contrary to nor an unreasonable application of the relevant law and, therefore, Petitioner is not entitled to federal habeas relief on this basis.  With the exception of his Batson claim, Petitioner failed to properly exhaust the claims stated in his petition and has procedurally defaulted these claims.  Petitioner has not shown cause for, nor prejudice arising from his procedural default of his claims and, therefore, the petition should be dismissed.

Petitioner may not now return to the Arizona courts to exhaust his procedurally defaulted federal habeas claims because a state action for post-conviction relief would not be timely filed and his claims are precluded by the failure to raise them in his direct appeal or in his prior state action for post-conviction relief.  Therefore, Petitioner's motion for voluntary dismissal of his habeas petition to pursue exhaustion of his claims should not be granted because the relief he seeks would be futile.

-17-

1    **IT IS THEREFORE RECOMMENDED** that Mr. Miles' Petition
2    for Writ of Habeas Corpus be **denied and dismissed with**
3    **prejudice**.

4          This recommendation is not an order that is immediately
5    appealable to the Ninth Circuit Court of Appeals. Any notice of
6    appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate
7    Procedure, should not be filed until entry of the district
8    court's judgment.

9          Pursuant to Rule 72(b), Federal Rules of Civil
10   Procedure, the parties shall have ten (10) days from the date of
11   service of a copy of this recommendation within which to file
12   specific written objections with the Court. Thereafter, the
13   parties have ten (10) days within which to file a response to
14   the objections. Failure to timely file objections to any
15   factual or legal determinations of the Magistrate Judge will be
16   considered a waiver of a party's right to de novo appellate
17   consideration of the issues. See <u>United States v. Reyna-Tapia</u>,
18   328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to
19   timely file objections to any factual or legal determinations of
20   the Magistrate Judge will constitute a waiver of a party's right
21   to appellate review of the findings of fact and conclusions of
22   law in an order or judgment entered pursuant to the
23   recommendation of the Magistrate Judge.

24          DATED this 24th day of January, 2006.

25

26   _____

27                Mark E. Aspey
            United States Magistrate Judge

28                -18-