**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Cory Deon Miles, ) | No. CV 05-2717-PHX-MHM (MEA) |
| Petitioner, ) | **ORDER** |
| vs. ) |  |
| Warden Bartos, et al., ) |  |
| Respondents. ) |  |

Petitioner has filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his criminal conviction on a jury's guilty verdict on the crime of theft of a means of transportation, entered in Maricopa County Superior Court, State of Arizona. (Doc. 1). Petitioner was sentenced to a term of 11.25years of imprisonment.. The matter was referred to Magistrate Judge Mark E. Aspey who has issued a Report and Recommendation that recommends that the Petition should be denied and dismissed with prejudice. (Doc.9). Petitioner has not timely filed an objection to the Report and Recommendation.

Prior to the issuance of the Report and Recommendation, Petitioner filed a motion to voluntarily dismiss the Petition for Writ of Habeas Corpus. (Doc. 7). Respondents in the response to the Petition filed an objection to Petitioner's motion to voluntarily dismiss the Petition for Writ of Habeas Corpus. (Doc. 8). On February 15, 2006, this Court entered an Order withdrawing the reference to the Magistrate Judge of Petitioner's motion to voluntarily dismiss the Petition. (Doc. 10). On May 15, 2006, Petitioner filed a motion in which he seeks

1 clarification of the Court's Order withdrawing the reference and reconsideration of the Report
2 and Recommendation.  (Doc. 11).

## STANDARD OF REVIEW

The district court must review the Magistrate Judge's findings and recommendations de novo if objection is made but not otherwise.  United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc).  See 28 U.S.C. § 636(b)(1)(C)("[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made").

## DISCUSSION

The Court has considered the pleadings and documents of record in this case. Petitioner filed a direct appeal of his conviction and sentence, raising a Batson challenge to the selection of the jury.  The Arizona Court of Appeals rejected Petitioner's appellate claim and affirmed his conviction and sentence by order filed on September 11, 2003. Petitioner filed notice of post-conviction relief on or about November 12, 2003, and was appointed counsel. On April 21, 2004, counsel was permitted to withdraw from his representation upon his averment that he could not find a legitimate issue to raise on Petitioner's behalf.

The Superior Court granted Petitioner several extensions of time to file a pro per petition for post-conviction relief but he did not file his petition until December 14, 2004.  In his post-conviction petition, Petitioner raised the following issues: his sentence was improperly enhanced by a 2001 conviction for possession of narcotic drugs; statements he made to the police and which were admitted at trial were involuntary; and he was denied his right to a speedy trial.  The Arizona Superior Court on January 28, 2005 denied the petition for post-conviction relief as untimely and because the issues raised could have been raised on direct appeal or on post-trial motion. Petitioner did not seek review of this ruling in the Arizona Court of Appeals.

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in this Court on September 6, 2005.  Petitioner has raised the following issues: he was denied a fair

1  trial under the Sixth Amendment; his Fifth Amendment right to be free of self-incrimination
2  was violated; his sentence was imposed in violation of Blakely v. Washington, 542 U.S. 296
3  (2004), and, Apprendi v. New Jersey, 530 U.S. 466 (2000), because he was sentenced
4  pursuant to a repeat offender statute; and, his appellate counsel provided ineffective assistance
5  for failing to raise his Fifth Amendment and Blakely claims on direct appeal.

6      This Court agrees with the Recommendation of the Magistrate Judge that the § 2254
7  Petition was timely filed under the AEDPA. Neither party has filed an objection to this
8  recommended finding.

9      The Court further agrees that the only properly exhausted claim for relief set forth in
10  the federal habeas petition is the claim of constitutional error in the jury selection. Petitioner
11  contended in his state appeal that the reason for striking the particular juror – that she was a
12  housewife – constituted gender discrimination. The Arizona Court of Appeals rejected
13  Petitioner's argument for failing to raise it in the state trial court and as not qualifying as
14  gender discrimination. The Arizona Court of Appeals' conclusion that Petitioner's right to a
15  fair jury was not violated by the prosecution's use of a peremptory strike based on the juror's
16  occupation was not clearly contrary to established federal law. Petitioner is not entitled to
17  habeas relief based on this claim.

18      The Court also agrees with the Magistrate Judge's recommendation that Petitioner's
19  other claims asserted in his federal habeas petition were not properly exhausted and he has
20  procedurally defaulted these claims. Petitioner has raised for the first time in his federal
21  habeas petition a claim of ineffective assistance of appellate counsel. Petitioner has not
22  shown cause for, or prejudice arising from, his procedural default as to this claim.

23      The Court has considered Petitioner's motion to withdraw his Petition for Writ of
24  Habeas Corpus. (Doc. 7). Petitioner asks that he be permitted to re-file his petition at a later
25  date and that any subsequent petition not be treated as a successive petition. Petitioner
26  contends in this motion that his state post-conviction petition filed in the Superior Court was
27  untimely through no fault of his own. Petitioner does not provide any reason for the
28

1  untimeliness of the filing, however. The Court notes that the Arizona Superior Court not only
2  denied Petitioner's post-conviction petition as untimely but also based on a finding that
3  Petitioner had raised claims that could have been raised on direct appeal in the Arizona Court
4  of Appeals but were not.  Petitioner's motion to withdraw his Petition (Doc. 7) is denied.

5        The Court also has considered Petitioner's motion for clarification and for
6  reconsideration (Doc. 11) filed after entry of the Magistrate Judge's Report and
7  Recommendation.  Petitioner essentially states no grounds in support of his motion for
8  clarification of the Court's Order at docket no. 10.  As for his motion for reconsideration,
9  Petitioner contends that he is illiterate and does not understand Arizona's post-conviction
10 procedural rules.  However, the record is clear that the Superior Court through its Orders
11 advised Petitioner of the specific date on which a post-conviction petition was due to be filed.
12 Petitioner's claims that  he made a good faith effort to comply with state procedural rules and
13 that he was not afforded legal assistance are rejected.  Such factors are insufficient to show
14 cause for the default. See, e.g., Hughes v. Idaho State Board of Corrections, 800 F.2d 905, 909
15 (9th Cir. 1986)(illiteracy of pro se petitioner not sufficient cause to avoid procedural bar);
16 Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988)(pro se litigant's defective mental
17 condition did not constitute cause for procedural default).  A petitioner's inexperience or lack
18 of legal training cannot serve as cause to excuse his failure to file a timely post-conviction
19 motion.  See Duvall v. Purkett, 15 F.3d 745, 748 (8th Cir. 1994)(ignorance of federal claim not
20 an "external impediment" that caused procedural default).

21       Petitioner also contends that his appellate counsel failed to raise a claim of ineffective
22 assistance of counsel because appellate counsel was from the same law firm as Petitioner's
23 trial counsel. Petitioner did not raise this specific allegation in support of his ineffective
24 assistance of appellate counsel claim when he filed his federal habeas petition. The state court
25 record indicates that Petitioner was advised of his Miranda warnings and that the state trial
26 court after a hearing determined that Petitioner's statements had been voluntarily made. (Doc.
27 8, Attachment, Exhibit C at pp. 78-79).  In addition, Blakely does not apply when an Arizona
28

- 4 -

1  court imposes a presumptive sentence because a presumptive sentence is authorized by the
2  jury's verdict alone. <u>State v. Martinez</u>, 115 P.3d 618, 623 (Ariz. 2005).  See (Doc. 8 -
3  Respondents' answer at page 11). Petitioner has not demonstrated a claim of actual innocence
4  based on reliable evidence that was not presented at trial. <u>See</u> <u>Casey v. Moore</u>, 386 F.3d 896,
5  921 n.27 (9th Cir. 2004), <u>cert</u>. <u>denied</u>, 125 S.Ct. 2975 (2005).

6  **Accordingly**,

7  **IT IS ORDERED** adopting the Magistrate Judge's Report and Recommendation (Doc.
8  9) in its entirety as the Order of the Court.

9  **IT IS FURTHER ORDERED** that Petitioner's motion to voluntarily dismiss the
10 Petition for Writ of Habeas Corpus (Doc. 7) is denied.

11 **IT IS FURTHER ORDERED** that Petitioner's motion for clarification and
12 reconsideration (Doc. 11) is denied.

13 **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1)
14 is denied and dismissed with prejudice.

15 DATED this 20th day of September, 2006.

Mary H. Murguia
United States District Judge